UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES SMITH and DOROTHY
CAPEZZA,

    Plaintiffs,

v.                                      Case No: 8:15-cv-579-T-36AEP

THE VILLAGE CLUB, INC. and JIM
RUBERT,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Plaintiff Charles Smith's Motion to Substitute Party (Doc. 33), and Defendants' response thereto (Doc. 34). In the motion, Plaintiff Charles Smith's daughter seeks to be substituted for him as a plaintiff in this action, alleging that Smith's "dementia has exacerbated to the point of no longer being legally competent to fully participate as a party in this cause of action." Doc. 33 at p. 1. The Court, having considered the motion and being fully advised in the premises, will deny without prejudice Plaintiff's Motion to Substitute Party.

"Under Rule 25(b) of the Federal Rules of Civil Procedure, '[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative.' Fed.R.Civ.P. 25(b). The decision to allow substitution of parties during pending litigation is within the trial court's discretion." *Bah v. Washington Metropolitan Area Transit Authority*, Civil Action No.: CBD–14–2803, 2015 WL 6460082, 2 (S.D. M.D. Oct. 23, 2015) (citing *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 610 (11th Cir.1984)). Here, there is no evidence to show that Smith is incompetent. His daughter, Patricia Bone, has only submitted a durable power of attorney form, naming Suzanne Smith as

attorney-in-fact and Patricia Bone as successor-attorney-in-fact, as well as a death certificate for Suzanne Smith. The durable power of attorney provides, *inter alia*:

> This Power of Attorney shall only be effective upon my disability or incapacitation, whereby I am incapable of acting on my own behalf. I direct the named agent, prior to assuming his/her authority under this document, to secure two (2) written certifications from physicians, duly licensed to practice medicine in the State of Michigan or in such state as I shall then be present, certifying that each has examined me and determined that I am incapable of acting on my own behalf. Such incapacity shall be deemed to have ceased upon delivery of similar certifications to my agent that the incapacity has passed and that I am once again able to act on my own behalf. Any third party dealing with my agent may rely upon a copy of any such certifications as to my incapacitation in dealing with my agent and shall not be required to make an independent determination of disability. A third party dealing with my agent may also rely on a statement by my agent that the disability has not ceased. The validity and effectiveness of this Power of Attorney shall not be affected by my subsequent disability or incompetence or by lapse of time.

Doc. 33-1 at p. 1.

However, there is no medical evidence of Smith's disability or incompetence in the record. Without such evidence, Plaintiff's motion must be denied. *See Bah*, 2015 WL 6460082 at 2 (denying plaintiff's motion to substitute where there was no medical evidence of plaintiff's mental or physical capacity or that plaintiff had been declared legally incompetent in a court proceeding, and the only evidence was plaintiff's argument that he became "seriously ill."). *See also Turner v. Neptune Towing & Recovery, Inc.,* No. 8:09–CV–1071–T–27AEP, 2011 WL 2981786, 2 (M.D. Fla. July 22, 2011) (mooted motion to substitute under F.R.C.P. 25(b) would have been denied due in part to no showing of incompetence where no medical evidence regarding her mental and physical capacities was presented and it was not shown that she had never been adjudicated incompetent); *Pass v. Government Employees Insurance Company*, No. 3:13–CV–00016–SA–SAA, 2014 WL 5511082, *2 (N.D. Miss. Oct. 31, 2014) (denying substitution pursuant to a

durable power of attorney where there was no evidence that plaintiff had been declared legally incompetent in a court proceeding). Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Substitute Party (Doc. 33) is **DENIED** without prejudice.

**DONE AND ORDERED** in Tampa, Florida on November 12, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any