UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES SMITH and DOROTHY
CAPEZZA,

    Plaintiffs,

v.                                        Case No: 8:15-cv-579-T-36AEP

THE VILLAGE CLUB, INC., JIM
RUBERT, JOHN BERNDT, JOYCE
BURTON, MICKIE CRITTENDEN and
TAMMY WALKER,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Patricia Bone's ("Bone") Renewed Motion to be Substituted as a party in this action (Doc. 99). In the motion, Bone seeks to be named as the personal representative of deceased Plaintiff Charles Smith. The Court, having considered oral arguments and the motion and being fully advised in the premises, will now GRANT the Motion.

**I.   BACKGROUND**

This is an action brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. On March 16, 2015, Plaintiffs Charles Smith and Dorothy Capezza filed a complaint against The Village Club, Inc., d/b/a Brookhaven Village, Inc., and Jim Rubert, individually (collectively "Brookhaven"). The action stems from Brookhaven's refusal to waive its pet restrictions for Plaintiffs' assistance animals. Thereafter, Plaintiffs amended their complaint to add the members of Brookhaven's Board of Directors who were personally involved in denying their request for reasonable accommodations under the FHA. On October 28, 2015, Plaintiff Smith filed a motion to substitute his daughter Patricia Bone as Plaintiff due to his advanced dementia (Doc. 33). The

order was denied without prejudice (Doc. 38).  Subsequently, Charles Smith died on November 28, 2015.  A statement of his death was filed with the Court on January 11, 2015 (Doc. 43).  On January 21, 2016, Bone filed a second motion to be substituted as a party for her deceased father (Doc. 44).  On January 27, 2016, the Motion was denied without prejudice (Doc. 48).  On February 5, 2016, Bone filed a third motion to be substituted as a party for Plaintiff Smith (Doc. 50).  In response to the Motion, Defendants asserted that Bone had not made a showing that she was the proper party for substitution and that the claim for emotional distress damages and punitive damages was extinguished (Doc. 51).  On March 17, 2016, oral arguments were heard regarding the motion.  At that time, Defendants argued that Bone needed to make a showing that she was the officially appointed personal representative of the estate of Plaintiff Smith (Doc. 96).  The Court directed Bone's counsel to seek appointment of her as the personal representative of the estate.  The Court deferred ruling for sixty days awaiting compliance with the Court's order (Doc. 63, 64, 96).

On May 16, 2016, Bone, through Michigan counsel, completed an Application for Appointment of Personal Representative with the Berrien County Probate Court in St. Joseph, Michigan (Doc 92-1).  On May 31, 2016, while awaiting the order from the probate court, Bone filed a Motion to Enlarge the Timeframe to be appointed as the personal representative of her father's estate to allow the Berrien County Probate Court sufficient time to process her application (Doc. 92).  On June 15, 2016, Bone was appointed as personal representative of Plaintiff Smith's estate by the Berrien County Probate Court in St. Joseph, Michigan (Doc. 99-1).

**I.     DISCUSSION**

Federal Rule of Civil Procedure 25 provides that if a party dies and the claim is not extinguished, a motion for substitution must be made "within 90 days after service of a statement

2

noting the death, [or] the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). A court, however, may enlarge the time limit for the filing of the motion for substitution upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b). "Excusable neglect is an equitable concept in which the Court may take into account all the relevant circumstances surrounding the party's omission." *McGuinnes v. Novartis Pharm. Corp.*, 289 F.R.D. 360, 363 (M.D. Fla. 2013). In evaluating excusable neglect, a court considers, *inter alia*, whether the movant has shown good faith and good reason for noncompliance with the deadline, and whether the nonmovant was prejudiced by the delay. *See Schmidt v. Merrill Lynch Trust Co.*, Case No. 07-cv-382, 2008 WL 2694891, at *4 (M.D. Fla. June 30, 2008).

Here, it is undisputed that the 90-day time limit provided by Rule 25 has expired. Thus, absent a showing of "excusable neglect," Smith's claims must be dismissed pursuant to Rule 25. After careful consideration, the Court finds that Bone has made a sufficient showing of excusable neglect to justify granting relief under Rule 6(b). To begin with, the Court notes that it is not wholly of the opinion that the delay in filing the substitution was entirely Bone's fault. Moreover, there is no evidence that this delay resulted in any prejudice to the Defendant. Accordingly, in light of the fact that Rule 25(a) is not meant to be rigidly applied to bar otherwise meritorious actions, *see Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966), the Court will **GRANT** Bone's Renewed Motion to be Substituted as party for deceased Plaintiff Charles Smith (Doc. 99). Further, Bone's Motion to Extend the Time to be appointed as Personal Representative for Smith (Doc. 92) will be **GRANTED**. In addition, Defendant's Motion to Dismiss the Claims of Charles Smith (Doc. 93) will be **DENIED**. By Oral Order, the Court **GRANTED** Defendant's Motion to Continue Trial (Doc. 105) but continued it, as to **both** Plaintiffs, in the interest of judicial economy.

As discussed at the July 6, 2016 motion hearing, a new trial date and pretrial deadlines need to be established for this case. Therefore, the following deadlines shall apply to this action:

| | |
|---|---|
| Discovery Deadline | SEPTEMBER 23, 2016 |
| Dispositive Motions ( as to Plaintiff Patricia Bone, only) | OCTOBER 24, 2016 |
| Meeting In Person to Prepare Joint Final Pretrial Statement | DECEMBER 9, 2016 |
| Joint Final Pretrial Statement, (including a single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect® version may be e-mailed to the Chambers mailbox] Voir Dire Questions, witness Lists, Exhibit Lists with Objections on Approved Form) | DECEMBER 23, 2016 |
| All Other Motions Including Motions *In Limine* | DECEMBER 30, 2016 |
| Final Pretrial Conference      Date: Time: Judge: | JANUARY 17, 2017<br>2:45 p.m.<br>Charlene Edwards Honeywell<br>Courtroom 13A |
| Trial Briefs and Deposition Designations | JANUARY 10, 2017 |
| Trial Term Begins | FEBRUARY 6, 2017 |

All other provisions of the Case Management and Scheduling Order (Doc. 17) continue to apply.

Accordingly, it is hereby **ORDERED**:

1. The Renewed Motion to Substitute Patricia Bone as Party Representative for deceased Plaintiff Charles Smith (Doc. 99) is **GRANTED**.

2. Patricia Bone, as Personal Representative of the Estate of Charles Smith, is hereby substituted as a Plaintiff in this action in place of Charles Smith. The Clerk is directed to edit the style of the case accordingly.

3. Motion to Extend the Time to Appoint Patricia Bone as Personal Representative for Charles Smith is **GRANTED** (Doc. 92).

4. Defendants' Motion to Dismiss is **DENIED** (Doc. 93), as Patricia Bone has now been appointed as the personal representative for the estate of Charles Smith.

**DONE AND ORDERED** in Tampa, Florida on July 22, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any